IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

HILTON WORLDWIDE HOLDINGS INC.,      )
                                     )
        Plaintiff,                   )
v.                                   )        No. 1:25-cv-2104-LMB-IDD
                                     )
SAM HIRBOD, FMT SJ HOLDINGS LLC, AND )
EAGLE CANYON HOLDINGS, LLC,          )
                                     )
        Defendants.                  )

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) AND MEMORANDUM IN SUPPORT

Defendants Sam Hirbod ("Hirbod"), Eagle Canyon Holdings, LLC ("Eagle Canyon"), and FMT SJ Holdings LLC ("FMT" and with Hirbod and Eagle Canyon, collectively, "Defendants") respectfully move to dismiss Plaintiff Hilton Worldwide Holdings Inc.'s ("Hilton") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) because Hilton failed to satisfy a mandatory contractual condition precedent, pre-suit mediation, required by the agreement Plaintiff invokes.

### INTRODUCTION

This action must be dismissed because Hilton filed it in direct violation of a mandatory contractual condition precedent requiring mediation before litigation. The governing Branding and Management Agreement ("BAMA") provides that no party may commence legal proceedings with respect to any dispute "arising out of or relating to" the agreement or the relationship it creates unless and until mediation is completed. Hilton filed this lawsuit without first requesting or participating in mediation and thereafter refused to voluntarily dismiss this lawsuit despite Defendants' request.

Hilton attempts to avoid that requirement by characterizing its claims as arising under separate guaranty and reimbursement agreements. That effort fails. Those agreements were executed as part of the same integrated transaction, expressly described as "credit enhancements" provided in connection with the BAMA, and would not exist absent the BAMA. Under settled New York law (which governs the BAMA), a party may not evade a bargained-for ADR requirement through artful pleading that elevates form over substance. Because Hilton failed to satisfy an express contractual condition precedent to suit, the Complaint is premature and must be dismissed.

**STATEMENT OF RELEVANT FACTS**

**I.    The Branding and Management Agreement and Its Mandatory Mediation Requirement**

In November 2021, following a court-approved restructuring, the owner of the Signia by Hilton San Jose hotel (the "Hotel") entered into the BAMA with Signia Hotel Management LLC and Hilton Domestic Operating Company Inc. Declaration of Sam Hirbod in Support of Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) ("Hirbod Decl."), ¶ 6. The BAMA governs the branding, management, and operation of the Hotel and defines the contractual relationship among the owner, the manager, and their affiliated entities. Hirbod Decl., Ex. A.

The BAMA contains a mandatory dispute-resolution provision. Paragraph 19.2 provides that "the Parties may not commence litigation or other legal proceedings with respect to any dispute, claim, controversy or issue arising out of or relating to this Agreement or the relationship created by this Agreement" unless and until the parties have first complied with the BAMA's mediation requirement. *Id.* [BAMA ¶ 19.2.1]. Mediation is thus an express contractual condition precedent to litigation, subject only to limited exceptions that are not applicable here.

2

The BAMA defines covered "Claims" broadly to include damages incurred by the "Owner or Manager or their respective Related Parties," and defines "Related Parties" to include affiliates. *Id.* [BAMA at pp. 3, 15]. The BAMA defines "Owner" as NEX SJ LLC, whose sole member is RDNWED LLC, which is indirectly owned and controlled by Sam Hirbod through affiliated holding companies, including Eagle Canyon Capital, LLC and FMT SJ Holdings LLC. *See id.* [BAMA at p. 79]. The BAMA defines "Manager" as Signia Hotel Management LLC, which is owned by Hilton Domestic Operating Company Inc., a subsidiary of Plaintiff. *See id.* [BAMA at p. 80].

## II.    The Integrated Reimbursement and Guaranty Agreements

As part of the same November 2021 transaction, and in connection with the BAMA relationship, Hilton agreed to provide a guaranty of a portion of the Hotel's existing mezzanine financing. Hirbod Decl., ¶¶ 7-8. The BAMA expressly characterizes such guaranties as "Credit Enhancements" provided in connection with the agreement. Hirbod Decl., Ex. A [BAMA at p. 4]. The "Credit Enhancements" were a required precondition by the existing lenders to the Manager being permitted to manage the Hotel. Hirbod Decl., ¶ 9. In other words, but for the Hilton provided "Credit Enhancements," the Hilton-affiliated Manager would not have been approved by the existing secured lenders to be the Manager of the Hotel. *Id.*

Contemporaneously, the parties executed a Reimbursement Agreement pursuant to which FMT SJ Holdings LLC agreed to reimburse Hilton for any amounts paid under that guaranty. *Id.*, ¶ 10. Hilton also required additional guaranties to backstop those reimbursement obligations, including a Reimbursement Guaranty from Eagle Canyon Holdings, LLC and a Springing Reimbursement Guaranty from Sam Hirbod. *Id.*, ¶ 11. Each of these agreements was executed on November 8, 2021, as part of the same integrated transaction. *Id.*; Hirbod Decl., Exs. C, D. In July

3

2023, in connection with an increase in the outstanding mezzanine loan, Hilton provided an additional guaranty pursuant to the same contractual framework, and the existing reimbursement and guaranty arrangements continued to apply to that increased exposure. Hirbod Decl., ¶ 13; Ex. E.

The reimbursement and guaranty agreements were executed solely to facilitate and support the BAMA-governed relationship. *See* Hirbod Decl., ¶¶ 9, 14. Absent the BAMA, there would have been no Hilton guaranty, no reimbursement obligation, and no guaranties to enforce. *See id.*

**III.   Hilton Commenced This Action Without Requesting or Participating in Mediation**

Notwithstanding the BAMA's mandatory mediation requirement, Hilton commenced this action without providing notice of a dispute, requesting mediation, or otherwise complying with Paragraph 19.2 of the BAMA. *Id.*, ¶ 15.

On December 8, 2025, after the Complaint had been filed, Defendants provided Hilton with written notice invoking the BAMA's mediation provision and advising that the action had been commenced without satisfaction of the contractual condition precedent. *Id.*, ¶ 16. On December 10, 2025, Hilton declined to withdraw its Complaint. *Id.*, ¶ 17.

Hilton does not allege, nor could it, that it made any attempt to mediate this dispute before this lawsuit was filed.

**IV.   Defendants Are Willing to Participate in Contractual Mediation**

If this action is dismissed based on Hilton's failure to comply with the BAMA's mandatory mediation requirement, Defendants are willing and prepared to participate in mediation with Hilton in good faith and in accordance with the BAMA. *Id.*, ¶ 18.

## PROCEDURAL HISTORY

On November 19, 2025, Plaintiff filed the Complaint against Defendants for breach of contract claims under four separate contracts: (1) a Reimbursement Agreement between FMT and Hilton; (2) a Guaranty of Reimbursement Agreement Obligations between ECH and Hilton; (3) a Personal Guaranty of the Reimbursement Agreement between Hirbod and Hilton; and (4) a Springing Guaranty of the Reimbursement Agreement between Hirbod and Hilton. The Complaint does not allege that prior to filing the lawsuit, Plaintiff notified Defendants that a Dispute exists, that it contacted the Mediation Services Provider to schedule the mediation conference, or that it participated "in at least eight (8) hours of mediation," as required by the BAMA. *See* Hirbod Decl., Ex. A [BAMA, ¶¶ 19.2.1-19.2.3].

On December 8, 2025, counsel for Defendants sent Plaintiff formal notice that Defendants were invoking their contractual right to mediation under Paragraph 19 of the BAMA and demanding that the Complaint be withdrawn. Hirbod Decl., ¶ 16. On December 10, 2025, Plaintiff's counsel responded to the notice, defending its filing and refusing to withdraw its complaint. *Id.*, ¶ 17.

## LEGAL STANDARD

A motion under Rule 12(b)(1) raises the question "whether [plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The plaintiff bears the burden of establishing subject matter jurisdiction. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015) (citing *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)). When evaluating a Rule 12(b)(1) motion to dismiss, a court may consider evidence outside the pleadings and should grant the motion "only if the material jurisdictional facts are not in dispute

and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (citing *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) raises the question of whether the plaintiff's complaint or pleadings are legally sufficient. A 12(b)(6) motion to dismiss should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must "be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570).

"Courts in th[e Fourth] Circuit are divided as to whether failure to comply with a contractual pre-suit dispute resolution requirement deprives a court of jurisdiction under Rule 12(b)(1), or is more properly considered under Rule 12(b)(6)." *All. Consulting, Inc. v. Warrior Energy Res.*, *LLC*, No. 5:17-CV-03541, 2017 WL 3485004, at *3 (S.D. W. Va. Aug. 14, 2017) (citing cases in the Fourth Circuit decided under 12(b)(1) or 12(b)(6)). Under the 12(b)(1) standard, courts have found that the parties to a lawsuit have elected not to be subject to a court's jurisdiction until some contractually agreed-upon condition precedent, such as mediation, is satisfied, warranting dismissal. *See, e.g., Tattoo Art, Inc. v. Tat Int'l, LLC*, 711 F. Supp. 2d 645, 651 (E.D. Va. 2010) (granting motion to dismiss complaint pursuant to Rule 12(b)(1) based on plaintiff's failure to pursue mediation before filing the lawsuit); *see also Whatley v. Atl. Marine Corps Communities LLC*, No. 9:17-CV-2716-BHH, 2018 WL 10456200, at *2 (D.S.C. Sept. 28, 2018) (finding that action was not ripe for judicial review because the parties have not yet satisfied a

condition precedent to litigation and granting motion to dismiss pursuant to Rule 12(b)(1)); *3–J Hospitality, LLC v. Big Time Design, Inc.,* No. 09–61077–CIV, 2009 WL 3586830, at \*3 (S.D. Fl. Oct. 27, 2009) (holding plaintiff's failure to mediate, which was a condition precedent to litigation, prior to filing suit required dismissal of the case); *Mortimer v. First Mount Vernon Indus. Ass'n,* No. CIV. AMD 03-1051, 2003 WL 23305155, at \*3 (D. Md. May 19, 2003) (same); *Ziarno v. Gardner Carton & Douglas, LLP,* No. CIV.A.03-3880, 2004 WL 838131, at \*3 (E.D. Pa. April 8, 2004) (holding that the court lacked subject matter jurisdiction because plaintiff failed to submit the dispute to arbitration, as required by the contract, prior to filing suit).

Other courts consider motions to dismiss based on alleged failure to mediate pre-suit under Rule 12(b)(6) reasoning that the plaintiff's failure to comply with a contractual mediation provision precludes the plaintiff from seeking relief and requires that the plaintiff's claims be dismissed. *See, e.g., Sohmer v. Hwang*, No. 3:21CV155-GCM, 2021 WL 2582804, at \*2 (W.D.N.C. June 23, 2021) (granting defendant's motion to dismiss pursuant to Rule 12(b)(6) where plaintiff failed to attempt to mediate the dispute prior to filing suit, as contractually required); *Hometown Servs., Inc. v. Equitylock Sols., Inc.*, No. 1:13-CV-00304-MR-DLH, 2014 WL 4406973, at \*2 (W.D.N.C. Sept. 5, 2014) (granting defendant's motion to dismiss pursuant to Rule 12(b)(6) based on plaintiff's non-compliance with mediation requirement prior to commencing litigation); *see also Dominion Transmission, Inc. v. Precision Pipeline, Inc.*, No. 3:13CV442-JAG, 2013 WL 5962939, at \*4 (E.D. Va. Nov. 6, 2013) (granting defendant's motion to dismiss based on an unfulfilled condition precedent requiring ADR prior to commencing litigation).

Regardless of which standard is applied, where the express language of the agreement mandates mediation as a condition of filing suite, the failure to satisfy such condition warrants dismissal of the Complaint. *See All. Consulting, Inc. v. Warrior Energy Res., LLC*, No. 5:17-CV-

03541, 2017 WL 3485004, at *3 (S.D. W. Va. Aug. 14, 2017) ("Whichever standard [12(b)(1) or 12(b)(6)] is applied, however, the terms of the parties' contract govern, and require dismissal.").

## GOVERNING LAW

The Court must apply Virginia's choice-of-law rules when interpreting the contracts. *See Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 599-600 (4th Cir. 2004) ("A federal court exercising diversity jurisdiction is obliged to apply the substantive law of the state in which it sits, including the state's choice-of-law rules.") (citations omitted); *O'Ryan v. Dehler Mfg. Co.,* 99 F. Supp. 2d 714, 718 (E.D. Va. 2000) ("A federal court sitting in diversity applies the substantive law of the forum state, including its choice of law provisions."). Under Virginia law, where "a contract specifies that the substantive law of another jurisdiction governs its interpretation or application, the parties' choice of substantive law should be applied." *Olawole v. ActioNet, Inc.,* 258 F. Supp. 3d 694, 705 (E.D. Va. 2017) (quoting *Settlement Funding, LLC v. Von Neumann–Lillie*, 274 Va. 76, 81, 645 S.E.2d 436 (2007)) (internal quotation marks omitted); *see also Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 624 (4th Cir. 1999) ("Virginia law looks favorably upon choice of law clauses in a contract, giving them full effect except in unusual circumstances.").

The relevant agreements between the parties require that "they shall be governed by, interpreted under, and enforced in accordance with the laws of the State of New York." Complaint, ¶ 14; Hirbod Decl., Ex. A [BAMA ¶ 22.2]. Therefore, New York contractual law applies for purposes of construing the agreements at issue, including the BAMA.

**ARGUMENT**

**I.      The Complaint Must Be Dismissed for Failure to Satisfy a Contractual Condition Precedent.**

In *Tattoo Art, Inc. v. TAT International, LLC,* the court applied a two-part test when considering defendants' motion to dismiss: whether "(1) the Plaintiff's claims arise out of the Agreement and thus fall within the mediation provision, and (2) if so, whether Plaintiff satisfied the condition precedent by requesting mediation prior to filing the lawsuit." 711 F. Supp. 2d at 650. As explained below, the claims in the Complaint squarely fall within the scope of the BAMA's mandatory mediation provision, and it is undisputed that Hilton failed to (i) notify Defendants that a Dispute exists, (ii) contact the Mediation Services Provider to schedule the mediation conference, or (iii) participate "in at least eight (8) hours of mediation," as required by the BAMA. Hirbod Decl., Ex. A [BAMA, ¶¶ 19.2.1-19.2.3]. Because mediation is a mandatory condition precedent to filing suit, the Complaint must be dismissed.

**A.      Hilton's Claims Are Subject to the BAMA's Mandatory Mediation Clause Because They Arise from the BAMA-Created Relationship.**

Plaintiffs' claims must be dismissed because they are subject to an unsatisfied condition precedent, namely the BAMA's mandatory mediation requirement prior to the commencement of suit. The BAMA provides that, subject to limited, enumerated exceptions that are not applicable in this case,

> the Parties may not commence litigation or other legal proceedings with respect to any dispute, claim, controversy or issue arising out of or relating to this Agreement or the relationship created by this Agreement or the breach, termination, enforcement, interpretation or validity of this Agreement ('Dispute'), until the Party has complied with this clause 19.2. In the event of any such Dispute, the Parties must first attempt to resolve the Dispute in accordance with this clause 19.2. The Parties must first attempt to settle the Dispute by participating in at least eight (8) hours of mediation, or such shorter period as the Parties may agree.

BAMA, ¶ 19.2.1.

9

Under New York law, this language is broad and is construed to encompass all disputes that have a significant relationship to the agreement or the contractual relationship it creates. *See Primex Int'l Corp. v. Wal-Mart Stores, Inc.*, 89 N.Y.2d 594, 599-600 (1997) (a general merger clause in a later agreement that omits an arbitration provision does not retroactively extinguish arbitration obligations contained in earlier agreements, absent a clear and specific expression of intent to do so); *see also Nationwide Gen. Ins. Co. v. Invs. Ins. Co. of Am.*, 37 N.Y.2d 91, 94-96 (1975) (holding that where an arbitration clause broadly covers disputes "touching the construction, meaning or effect" of an agreement, the court's role is limited to determining whether the dispute bears a reasonable relationship to the contract, not whether the claim is valid or covered under the agreement). Critically, the mediation clause is triggered by the nature of the dispute and is not limited by formalistic distinctions regarding the party bringing the claim or the label affixed to the cause of action. New York courts consistently reject attempts to evade bargained-for ADR provisions through artful pleading, focusing instead on whether the dispute "arises out of or relates to" the underlying contractual relationship. *Smith Barney Shearson Inc. v. Sacharow*, 91 N.Y.2d 39, 49 (1997). That principle controls here.

Hilton's claims seek to enforce reimbursement and guaranty obligations that exist only because of the BAMA-created relationship. The BAMA is the master agreement governing the branding, management, and financing structure of the Signia by Hilton San Jose Hotel. As part of that integrated transaction, the parties executed a series of related agreements, expressly described in the BAMA as "Credit Enhancements," under which Hilton agreed to guarantee a portion of the mezzanine financing and, in turn, obtained reimbursement and guaranty rights from Defendants. The BAMA defines "Credit Enhancement" as "transactions entered into in connection with this Agreement whereby, among other things, Manager or its Affiliate is the guarantor of a portion of

10

the Mezzanine Loan." Hirbod Decl., Ex. A [BAMA at p. 4]. The mezzanine loan itself is defined as a loan "made in connection with the entering into of this Agreement." *Id.* at p. 12. Not only would Hilton's affiliate, Manager, not have been chosen by Owner as the Manager of the Hotel without the Credit Enhancements, in point of fact, Owner's then proposed bankruptcy-exit financing lender BrightSpire Capital, was unwilling to lend but for the Credit Enhancements by Hilton. So much so that the Credit Enhancements were an express requirement in its Loan Agreement. Hirbod Decl., ¶ 9.

In other words, the agreements Hilton now invokes are not free-standing commercial instruments; they were executed on the same date, as part of the same transaction, and for the sole purpose of effectuating the BAMA relationship. *Id.*, ¶¶ 9-14. Absent the BAMA, there would be no Hilton guaranty, no reimbursement obligation, and no guaranties to enforce. *Id.*, ¶ 14. Moreover, absent the Credit Enhancements, Manager would not have been approved by existing lenders to manage the Hotel. *Id.*, ¶ 9. Under New York law, contracts executed as part of a single integrated transaction must be construed together, and disputes arising from such agreements are subject to the dispute-resolution provisions of the governing contract. *See, e.g., Archstone Dev. LLC v. Renval Constr. LLC*, 156 A.D.3d 432, 433 (1st Dep't 2017) (rejecting "Plaintiff's contention that it was not required to comply with the condition precedent because the agreement giving rise to the deposit was separate and distinct from the construction agreement").

Hilton's attempt to avoid the mediation clause by suing under the reimbursement and guaranty agreements rather than the BAMA itself is therefore unavailing. A plaintiff may not circumvent a mandatory ADR provision by recasting claims under related agreements where the dispute arises from an integrated contractual relationship.

The BAMA's definitions confirm that its dispute-resolution framework was intended to reach beyond the narrow set of signatories. The BAMA defines covered "Claims" to include damages incurred by the "Owner or Manager or their respective Related Parties," and defines "Related Parties" to include affiliates. Hirbod Decl., Ex. A [BAMA at pp. 3, 15]. Hilton Worldwide Holdings Inc. is an affiliate and Related Party of the Hilton entities that executed the BAMA and is expressly treated as part of "Hilton" under the transaction documents. *See, e.g.,* Hirbod Decl., Ex. A [BAMA at p. 15]; Ex. B [Reimbursement Agreement at p. 1]; Ex. C [Eagle Canyon Reimbursement Guaranty, at p. 1], Ex. D [Springing Reimbursement Guaranty at p. 1]. Having elected to sue to enforce rights arising from the BAMA relationship, Hilton is bound by the BAMA's mediation requirement.

Moreover, even if Hilton were not considered a formal "Party" to the BAMA, New York's doctrine of direct-benefits estoppel independently compels the same result. A non-signatory that seeks to enforce rights that presume the existence of the contract and seek to enforce rights directly flowing from it is estopped from disclaiming the contract's dispute-resolution provisions. *See Life Techs. Corp. v. AB Sciex Pte. Ltd.,* 803 F. Supp. 2d 270, 273-74 (S.D.N.Y. 2011) (applying New York law). As that court explained, "benefits are direct when specifically contemplated by the relevant parties; and benefits are indirect when the parties to the agreement with the arbitration clause would not have originally contemplated the non-signatory's eventual benefit." *Id.* at 276. Here, the BAMA confers substantial and direct economic, operational, branding, intellectual-property, indemnification, and dispute-resolution benefits on Plaintiff and its affiliates, all of which arise from, and are inseparable from, the contractual relationship created by the BAMA and were expressly contemplated by its signatories. Moreover, as in *Life Technologies,* the agreements Plaintiff seeks to enforce expressly reference and depend upon the BAMA. 803 F. Supp. 2d at 277.

12

Having elected to invoke rights that arise directly from the BAMA-created relationship, Hilton is therefore estopped from repudiating the BAMA's mandatory mediation requirement.

In short, Hilton's claims arise directly from, and relate inextricably to, the BAMA and the relationship it created. Because Hilton failed to comply with the BAMA's mandatory mediation provision, a contractual condition precedent to litigation, its Complaint is premature and must be dismissed. *See, e.g., MCC Dev. Corp. v. Perla*, 81 A.D.3d 474, (1st Dep't 2011) (dismissing plaintiff's claims for breach of contract and unjust enrichment where plaintiff failed to satisfy a condition precedent, namely compliance with the contract's mediation clause, prior to commencing litigation); *see also TADCO Const. Corp. v. Dormitory Auth. of State*, 139 A.D.3d 471, 472 (1st Dep't 2016) (dismissing plaintiff's claims for failure to comply with conditions precedent).

**B.      Plaintiff Failed to Satisfy the Condition Precedent of Mandatory Mediation.**

Paragraph 19.2 of the BAMA is mandatory, not permissive. It states that "the Parties may not commence litigation or other legal proceedings with respect to any dispute, claim, controversy or issue arising out of or relating to this Agreement or the relationship created by this Agreement or the breach, termination, enforcement, interpretation or validity of this Agreement … until the Party has complied with this clause 19.2." Hirbod Decl., Ex. A [BAMA, ¶ 19.2.1]. After setting forth the procedures to be followed once a Dispute arises, the BAMA again reiterates that "[n]o Party may initiate legal proceedings until the mediation is complete. . ." *Id.*, ¶ 19.2.3. Even when the mediation provision is satisfied, the BAMA requires the initiating party to provide at least 5 days' written notice before commencing litigation. *See id.*, ¶ 19.3.3 ("Prior to initiating any litigation or other legal proceedings, the initiating Party shall send written notice to the other Party

13

detailing the terms of the Dispute. Such notice shall be sent 5 days prior to filing any litigation or other legal proceeding."). Hilton ignored these requirements entirely.

It is undisputed that Hilton did not notify Defendants of a dispute, did not initiate mediation, and did not complete the required mediation prior to filing suit. Instead, Hilton takes the position that the agreements it is suing on are not governed by the BAMA, a position which is unavailing for the reasons explained above. An express condition precedent must be "literally performed" before a claimant may seek to recover on a contract. *Oppenheimer & Co., Inc. v. Oppenheim, Appel. Dixon & Co.*, 86 N.Y.2d 685, 690 (1995); *Preferred Mortgage Brokers, Inc. v. Byfield,* 282 A.D.2d 589, 590 (2d Dep't 2001). If the plaintiff has failed to perform an express condition precedent, as it has here, then the complaint must be dismissed. *Oppenheimer,* 86 N.Y.2d at 695; *Preferred Mortgage Brokers,* 282 A.D.2d at 590.

Because it is undisputed in this case that Plaintiff failed to comply with the foregoing express conditions requiring an attempt to mediate the dispute prior to commencing litigation, the Complaint must be dismissed.

## II.    A Stay Would Not Be Appropriate.

A stay would be inappropriate because the parties expressly agreed that mediation is a condition precedent to litigation, not a step to be compelled after suit is filed. Staying the case would reward noncompliance with a bargained-for contractual obligation and undermine the purpose of the mediation clause. Dismissal without prejudice is the proper remedy.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint without prejudice for failure to satisfy a contractual condition precedent and grant such other relief as the Court deems just and proper.

14

Dated: December 29, 2025

Respectfully submitted,

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

_____*/s/ Edward H. Williams II*_____

Edward H. Williams II (VSB No. 88102)
John B. Williams III (*pro hac vice forthcoming*)
edward.williams@orrick.com
jwilliams@orrick.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

**GERAGOS & GERAGOS**

Tina Glandian (*pro hac vice forthcoming*)
tina@geragos.com
256 5th Avenue
New York, NY 10001
Telephone: (213) 625-3900
Facsimile: (213) 232-3255

Mark Geragos (*pro hac vice forthcoming*)
mark@geragos.com
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 625-3900
Facsimile: (213) 232-3255

*Attorneys for Defendants Sam Hirbod,*
*FMT SJ Holdings LLC, and*
*Eagle Canyon Holdings, LLC*

15

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on December 29, 2025, I electronically filed the foregoing

Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6)

and Memorandum in Support using the CM/ECF system and served electronically on all registered

users.

Dated: December 29, 2025

_____*/s/ Edward H. Williams II*_____
Edward H. Williams II (VSB No. 88102)
edward.williams@orrick.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 339-8400
Facsimile: (202) 339-8500