**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA – ALEXANDRIA DIVISION**

|  |  |
|---|---|
| HILTON WORLDWIDE HOLDINGS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAM HIRBOD, FMT SJ HOLDINGS LLC, AND EAGLE CANYON HOLDINGS, LLC,<br><br>Defendants. | Case No. 1:25-cv-02104-LMB-IDD |

## AMENDED[1] JOINT DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule of the Eastern District of Virginia 26(A), and this Court's Order, dated February 3, 2026 (Dkt. No. 33), Plaintiff Hilton Worldwide Holdings Inc. ("Hilton") and Defendants Sam Hirbod, FMT SJ Holdings LLC, and Eagle Canyon Holdings, LLC (collectively, "Defendants," and together with Hilton, the "Parties") submit this Joint Discovery Plan for the Court's consideration.

### I.      RULE 26(F) CONFERENCE CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 26(f), the Parties certify that, by and through their counsel, they conducted an initial conference on February 10, 2026.

### II.      SETTLEMENT EFFORTS

The Parties discussed the possibility of settlement during the February 10, 2026 initial conference and agreed that settlement of this action appears unlikely at the present time.

---

[1]  The Parties have revised § III(i) and the accompanying dates of their Joint Discovery Plan as directed by the Court.

Nonetheless, should the opportunity for fruitful settlement negotiations arise, the parties will contact the Court to schedule a settlement conference.

### III. DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f)(3), the Parties agree to the following discovery plan:

a) **Initial Disclosures**. The Parties agree to make their initial disclosures on March 6, 2026. The Parties agree that no changes need to be made in the form or requirement from the initial disclosures as required by Federal Rule of Civil Procedure 26(a).

b) **Scope of Discovery**. The Parties anticipate that discovery will be needed on all claims, defenses, and damages asserted in the pleadings filed with the Court by the Parties in this case.[2] The Parties agree that discovery should not be phased or limited.

c) **Protective Order**. The Parties intend to submit a proposed stipulated protective order to the Court by February 27, 2026. If the Parties are unable to reach agreement on the protective order by that date, they will promptly submit any remaining disputes to the Court. Prior to entry of a protective order, documents and information produced will be treated as highly confidential.

d) **Electronically Stored Information Protocol**. The Parties intend to submit a proposed Electronically Stored Information ("ESI") protocol to the Court by February 27, 2026. If the Parties are unable to reach agreement on the ESI protocol by that date, they will promptly submit any remaining disputes to the Court.

---

[2] Defendants have been allowed (Dkt. 32) 21 days, to and including February 24, 2026, in which to file a further Rule 12(b)(6) motion or an answer, which Defendants have indicated may include counterclaims.

e)      **Written Discovery**. The Parties will soon begin serving requests for the production of documents as well as interrogatories in this action.  The Parties agree that they will endeavor to substantially complete their document productions in response to initial requests for the production of documents by April 13, 2026.  Prior to the substantial completion date, the Parties will make reasonable, good faith rolling productions of documents, in installments, as documents are processed and become available for production.

f)      **Privilege Logs**.  The Parties agree that privilege logs are to be provided on a rolling basis after each production from which documents are withheld on privilege grounds.  Final privilege logs are to be exchanged by May 22, 2026.

g)      **Third-Party Subpoenas**.  The Parties agree to serve each other with all third-party subpoenas at the time of issuance and to provide each third party that receives a subpoena with a copy of the protective order.  Should a Party receive any non-Party documents or other discovery pursuant to a third-party subpoena, the receiving Party will provide copies of such documents or other discovery to the other, non-receiving Party within four (4) business days of receipt of such documents or other discovery.

h)      **Depositions**.  The Parties agree that, excluding depositions of Expert Witnesses, each side shall take no more than ten (10) depositions total, including depositions of Party Fact Witnesses and depositions of Non-Party Fact Witnesses.  *See* Fed. R. Civ. P. 30(a)(2)(A)(i).  For good cause shown, a Party may apply to the Court for leave to take the deposition of additional Party or Non-Party Fact Witness(es).

i.      <u>Party Fact Depositions</u>.  The Parties agree that a "Party Fact Witness" includes (a) a Party to this action and (b) any director, officer, managing agent, employee, former employee, consultant, or contractor of a Party.

ii. <u>Non-Party Fact Depositions</u>.  Pursuant to this Court's February 3, 2026 order (Dkt. 33), each side may take up to five (5) depositions of Non-Party, Non-Expert Witnesses.  The Parties jointly recognize that fact discovery in this action may include information in the possession of Non-Party, Non-Expert Witnesses.  A "Non-Party, Non-Expert Witness" is any witness who is not a Party Fact Witness or an Expert Witness.

iii. <u>Expert Depositions</u>. The Parties agree that each Party may depose all testifying experts (an "Expert Witness") disclosed by the other side.

iv. <u>Deadline for Fact Depositions</u>.  The Parties agree that any deposition of any Non-Expert Witness shall occur no later than May 13, 2026.

i) **Expert Discovery**. The Parties may engage in expert discovery and adopt the expert disclosure schedule set forth in Local Civil Rule 26(D), but each Party may seek modification of the schedule for good cause.  In addition to the exemptions from discovery provided by Federal Rule of Civil Procedure 26(b)(4), a Party need not produce, nor may a requesting Party inquire about, a testifying expert's draft reports and outlines, or notes that are not relied upon by the expert in forming his or her opinions.

j) **Completion of Discovery**.  Pursuant to the Court's February 3, 2026 order (Dkt. 33), discovery shall be completed by June 12, 2026.

k) **Pretrial Conference**. Pursuant to the Court's February 3, 2026 order (Dkt. 33), the Rule 16(b) pretrial conference is currently scheduled for February 18, 2026, at 11:00 AM; and the final pretrial conference is currently scheduled for June 18, 2026, at 10:00 AM.

l) **Trial**.  Each Party has waived its right to a trial by jury on all issues so triable.  The Parties do not consent to trial before a United States Magistrate Judge.

## IV.  PRIVILEGE AND OTHER ISSUES

Other than those mentioned herein, the Parties do not believe that any other changes are necessary to the Federal Rules of Civil Procedure or to this Court's local rules.  The Parties do not know, at this time, of any abnormal discovery or privilege issues.  As discovery and further investigation proceed, the Parties will be in a better position to determine if any discovery or privilege issues exist.  If any discovery or privilege issue should arise in the future, counsel for the Parties agree to attempt to reach a resolution prior to seeking the Court's involvement or intervention.

## V.  INADVERTENT DISCLOSURE

Pursuant to Federal Rule of Evidence 502(e), the Parties have agreed that (a) an inadvertent production or disclosure of materials subject to a claim of privilege or work product will not cause a waiver of such privilege or protection; and (b) if either party inadvertently produces documents or materials subject to a claim of such privilege or protection, the producing party will identify the inadvertent disclosure and the receiving party will promptly return the materials and, in the case of electronically-stored information, delete it and confirm compliance with this paragraph to opposing counsel.

## VI.  PRESERVATION OF DISCOVERABLE MATERIAL

The Parties certify that each Party has taken steps to help ensure the preservation of potentially discoverable materials.

## VII.  SERVICE OF DISCOVERY MATERIAL

In accordance with Federal Rule of Civil Procedure 5(b)(2)(E), the Parties stipulate to the service of written discovery requests, responses, and objections via electronic mail.

**VIII.     MODIFICATION OF THIS PLAN**

Each Party reserves the right to seek the modification of this Joint Discovery Plan.

**IX.     RULE 16(B) PRETRIAL CONFERENCE**

Given the Parties' agreement on the terms of this Joint Discovery Plan, the Parties waive their appearances at the Rule 16(b) pretrial conference currently scheduled for February 18, 2026, at 11:00 AM, and request that the Court enter a Rule 16(b) Scheduling Order adopting the terms of this Joint Discovery Plan.  However, the Parties will appear if so directed by the Court.

Dated: February 13, 2026

ORRICK, HERRINGTON & SUTCLIFFE
LLP

*/s/ John B. Williams III*
Edward H. Williams II (VSB No. 88102)
John B. Williams III (pro hac vice)
edward.williams@orrick.com
jwilliams@orrick.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

**GERAGOS & GERAGOS**

Tina Glandian (pro hac vice)
tina@geragos.com
256 5th Avenue
New York, NY 10001
Telephone: (213) 625-3900
Facsimile: (213) 232-3255

Mark Geragos (pro hac vice)
mark@geragos.com
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 625-3900
Facsimile: (213) 232-3255

*Attorneys for Defendants Sam Hirbod, FMT*
*SJ Holdings LLC, and Eagle Canyon*
*Holdings, LLC*

Respectfully submitted,

By: */s/ Craig C. Reilly*

Craig C. Reilly
VSB # 20942
429 N. St. Asaph Street
Alexandria, VA 22314
Telephone: (703) 549-5354
Fax: (703) 549-5355
Email: craig.reilly@ccreillylaw.com

Andrew S. Tulumello (pro hac vice)
Chantale Fiebig (pro hac vice)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
Email: drew.tulumello@weil.com
Email: chantale.fiebig@weil.com

*Counsel for Plaintiff*
*Hilton Worldwide Holdings Inc.*

## APPENDIX A – PROPOSED DISCOVERY SCHEDULE

| Event | Proposed Date |
| --- | --- |
| Parties May Begin Serving Discovery Requests | February 3, 2026 |
| Initial Rule 26(f) Conference | February 10, 2026 |
| Deadline for Proposed Discovery Plan | February 11, 2026 |
| Rule 16(b) Pretrial Conference | February 18, 2026, at 11:00 AM |
| Deadline for Defendants' Responsive Pleading | February 24, 2026 |
| Deadline to Submit Proposed Protective Order and ESI Protocol | February 27, 2026 |
| Deadline for Rule 26(a)(1) Initial Disclosures | March 6, 2026 |
| Deadline for Substantial Completion of Document Production in Response to Initial Requests | April 13, 2026 |
| Deadline for Plaintiff's and Counterclaim Plaintiffs' Expert Report(s) | Default Schedule under Local Civil Rule 26(D): April 13, 2026 |
| Deadline for Defendants' and Counterclaim Defendant's Expert Report(s) | Default Schedule under Local Civil Rule 26(D): May 13, 2026 |
| Deadline for Fact Depositions | May 13, 2026 |
| Deadline for Final Privilege Logs | May 22, 2026 |
| Deadline for Rebuttal Expert Reports | Default Schedule under Local Civil Rule 26(D): May 28, 2026 |
| Completion of Discovery | June 12, 2026 |
| Final Pretrial Conference | June 18, 2026, at 10:00 AM |
| Beginning of Trial | A date certain within 4–8 weeks of Final Pretrial Conference (to be set) |