IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| HILTON WORLDWIDE HOLDINGS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-2104-LMB-IDD |
| | ) | |
| SAM HIRBOD, FMT SJ HOLDINGS LLC, AND | ) | |
| EAGLE CANYON HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Sam Hirbod, FMT SJ Holdings LLC, and Eagle Canyon Holdings, LLC (collectively, "Defendants") answer the Complaint against them by Plaintiff Hilton Worldwide Holdings Inc. ("Hilton") as follows.

## GENERAL RESPONSE

To the extent any allegation is not expressly admitted, it is denied.

## PRELIMINARY STATEMENT

1. Defendants admit that Sam Hirbod is a real estate developer and that affiliated entities acquired the San Jose Fairmont and later filed bankruptcy proceedings. Defendants deny the remaining allegations, including the amount of the mortgage loan, any characterization of events, or implication of wrongdoing.

2. Defendants admit that a mezzanine loan was sought from JPMorgan and that Hilton executed a guaranty in connection therewith. Defendants deny the remaining allegations and deny any characterization inconsistent with the written agreements.

3. Defendants admit that written agreements were executed. Defendants deny the characterization of the agreements, deny they have been triggered under the circumstances alleged,

and deny that Defendants waived all viable defenses. The remaining allegations constitute legal conclusions to which no response is required; to the extent a response is deemed required, they are denied.

4.     Defendants admit that certain agreements were executed, including a reimbursement agreement, guaranty agreements, and a personal guaranty. Defendants deny Plaintiff's characterization of those agreements and deny that they require payment in the manner alleged. The remainder constitutes legal conclusions to which no response is required; to the extent a response is required, they are denied.

5.     Defendants admit that Hilton bought the mezzanine loan from JPMorgan. Defendants deny that any reimbursement obligation was triggered as alleged and deny the remaining allegations in this paragraph.

6.     Denied. The paragraph contains argument and legal conclusions to which no response is required; to the extent a response is required, denied.

## PARTIES

7.     Admitted.

8.     Admitted except as to the street address of Mr. Hirbod.

9.     Admitted as to FMT's existence and address. FMT's alleged citizenship characterization is a legal conclusion to which no response is required; to the extent a response is required, admitted.

10.     Admitted as to ECH's existence and address. ECH's alleged citizenship characterization is a legal conclusion to which no response is required; to the extent a response is required, admitted.

## JURISDICTION AND VENUE

11.    Defendants admit that the agreements contain forum selection provisions providing for jurisdiction and venue in the United States District Court for the Eastern District of Virginia in actions arising from the agreements. The remaining allegations state legal conclusions to which no response is required; to the extent a response is required, they are admitted.

12.    Denied.

13.    Admitted that the parties are completely diverse.

14.    Admitted that the agreements contain a New York choice-of-law clause.

## FACTUAL BACKGROUND

15.    Admitted except as to the amount of the mortgage loan.

16.    Admitted as to the existence and parties in the bankruptcy proceedings. Defendants deny the remaining allegations including the legal conclusions contained therein.

17.    Admitted.

18.    Admitted.

19.    Admitted in part as to the existence of the mezzanine loan and guaranty. Defendants lack sufficient knowledge to admit or deny the remaining allegations.

20.    Admitted that agreements were executed. Defendants deny Plaintiff's characterization of the agreements and deny that Plaintiff is entitled to the relief sought thereunder.

21.    Admitted that four separate agreements were executed. Denied as to Plaintiff's characterization and summary as set forth in the chart.

22.    Admitted.

23.    Admitted that Hirbod executed the Personal Guaranty on July 9, 2023. Denied as to the remaining allegations.

24. The allegations are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied as to characterization of the agreements.

25. Admitted that FMT executed a reimbursement agreement. Denied as to legal conclusions and characterization of that agreement.

26. Admitted.

27. Admitted that the agreement contains the defined terms but denied that Defendants were required to make any Principal Payment Amounts to Hilton.

28. Admitted that ECH executed a guaranty. Denied as to Plaintiff's characterization and the legal effect of the guaranty.

29. Admitted.

30. Admitted that ECH guaranteed the Reimbursement Amounts under FMT's Reimbursement Agreement under certain circumstances but denied that the circumstances alleged by Plaintiff trigger the obligations described therein.

31. Admitted that the agreement contains a defined "Springing Recourse Event." Denied as to Plaintiff's interpretation of such event.

32. Admitted that the quoted language appears in the Guaranty but denied as to Plaintiff's characterization of it.

33. The allegation constitutes a legal conclusion to which no response is required; to the extent a response is required, denied.

34. Admitted that a personal guaranty was executed in July 2023. Denied as to Plaintiff's characterization and its applicability in the manner alleged.

35. Admitted that the quoted language appears in the Guaranty but denied that it is applicable under the circumstances alleged.

36.     The allegation constitutes a legal conclusion to which no response is required; to the extent a response is required, denied.

37.     Denied. The paragraph contains argument and legal conclusions to which no response is required; to the extent a response is required, denied.

38.     Denied.

39.     Admitted that foreclosure proceedings occurred and that BrightSpire obtained the hotel by credit bid at the foreclosure sale. Defendants deny the remaining allegations.

40.     Admitted that Hilton elected to purchase the mezzanine loan from JPMorgan. Defendants deny the remaining allegations.

41.     Denied.

42.     Denied that reimbursement was due or that any breach occurred.

43.     Defendants lack sufficient knowledge or information to form a belief as to whether a notice was sent by Hilton to FMT on or about June 25, 2024, and therefore deny the same. Defendants deny that they did not communicate with Hilton after that date about their alleged reimbursement obligations.

44.     Denied.

45.     Admitted that FMT has not paid Hilton. Denied that any amount is due.

46.     The allegation constitutes a legal conclusion to which no response is required; to the extent a response is required, denied.

47.     Defendants lack sufficient knowledge or information to form a belief as to whether a notice was sent by Hilton to ECH on or about June 25, 2024, and therefore deny the same. Defendants deny that they did not communicate with Hilton after that date about their alleged guaranty of reimbursement obligations.

48.     Admitted that a default notice was sent by Hilton to ECH. Defendants deny the remaining allegations.

49.     Admitted that ECH has not paid Hilton. Defendants deny that any amount is due.

50.     Denied that any obligation was triggered or that Hilton diligently sought reimbursement from Hirbod under the Personal Guaranty.

51.     Defendants lack sufficient knowledge or information to form a belief as to whether a notice was sent by Hilton to Hirbod on or about June 25, 2024, and therefore deny the same. Hirbod denies that he did not communicate with Hilton after that date about his alleged reimbursement obligations.

52.     Denied.

53.     Admitted that Hirbod has not paid Hilton. Denied that any amount is due.

54.     The allegation constitutes a legal conclusion to which no response is required; to the extent a response is required, denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     The allegation constitutes a legal conclusion to which no response is required; to the extent a response is required, denied.

59.     Admitted that the quoted language appears in the guaranties. However, the allegation constitutes a legal conclusion to which no response is required; to the extent a response is required, denied.

60.     Admitted that the quoted language appears in the guaranties. However, the allegation constitutes a legal conclusion to which no response is required; to the extent a response is required, denied.

61.     Denied.

62.     Admitted that the agreements contain the quoted waiver language. Denied that such waivers are applicable under the circumstances alleged and denied that ECH and Hirbod waived all viable defenses.

63.     Admitted that certain documents contain jury waiver language. However, the allegation constitutes a legal conclusion to which no response is required; to the extent a response is required, denied.

**COUNT I**

**(Breach of Contract – FMT's Reimbursement Agreement)**
**(Against Defendant FMT SJ Holdings LLC)**

64.     Defendants incorporate their responses to Paragraphs 1-63 as if fully set forth herein.

65.     Admitted that Hilton and FMT executed a written document titled "Reimbursement Agreement." Denied that the agreement is applicable under the circumstances alleged.

66.     Admitted that the consideration for FMT's reimbursement agreement was Hilton's guaranty of the mezzanine loan in favor of JPMorgan. Defendants deny the remaining allegations, including that the agreement has been triggered under the circumstances alleged or that such consideration obligates FMT to reimburse Hilton under the circumstances alleged.

67.     Admitted that the quoted language appears in Section 3 of the Reimbursement Agreement. Defendants deny Plaintiff's characterization of its legal effect and that the provision is applicable under the circumstances alleged.

68.    Admitted that Hilton purchased the mezzanine loan from JPMorgan on or about June 21, 2024. Defendants deny that such payment automatically triggered a reimbursement obligation under the circumstances alleged.

69.    Defendants lack sufficient knowledge or information to form a belief as to whether a notice was sent by Hilton to FMT on or about June 25, 2024, and therefore deny the same.

70.    Denied.

71.    Admitted that FMT has not paid Hilton the amount demanded. Defendants deny the remaining allegations including that any such payment is due.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

## COUNT II

### (Breach of Contract – ECH's Guaranty)
### (Against Defendant Eagle Canyon Holdings, LLC)

77.    Defendants incorporate their responses to Paragraphs 1-76 as if fully set forth herein.

78.    Admitted that Hilton and ECH executed a written guaranty. Denied that the guaranty has been triggered under the circumstances alleged.

79.    Admitted that the consideration for ECH's guaranty was Hilton's guaranty of the mezzanine loan in favor of JPMorgan. Defendants deny Plaintiff's characterization of the guaranty as absolute and unconditional in the manner alleged and that payment obligations by ECH were triggered.

80. Admitted that the quoted language appears in the guaranty. Defendants deny Plaintiff's legal interpretation of that language and that the guaranty has been triggered under the circumstances alleged.

81. Denied.

82. Defendants lack sufficient knowledge or information to form a belief as to whether a notice was sent by Hilton to ECH on or about June 25, 2024, and therefore deny the same.

83. Denied.

84. Admitted that ECH has not paid Hilton the amount demanded. Defendants deny the remaining allegations including that any such amount is due.

85. Denied.

86. Denied.

87. Admitted that ECH's Guaranty contains the quoted waiver language. Denied that such waivers are applicable under the circumstances alleged and denied that ECH waived all viable defenses.

88. Denied.

89. Denied.

## COUNT III

### (Breach of Contract – Hirbod's Springing Guaranty)
### (Against Defendant Sam Hirbod)

90. Defendants incorporate their responses to Paragraphs 1-89 as if fully set forth herein.

91. Admitted that Hilton and Hirbod executed a document titled "Springing Guaranty." Denied that the agreement is triggered under the circumstances alleged.

9

92.     Admitted that the consideration for the Springing Guaranty and for Hirbod to perform FMT's obligations under the reimbursement agreement was Hilton's guaranty of the mezzanine loan in favor of JPMorgan. Defendants deny the remaining allegations including that the required springing recourse event occurred.

93.     Admitted that the quoted language appears in the Springing Guaranty. Denied that the provision was triggered or that it is applicable under the circumstances alleged.

94.     Admitted that the Springing Guaranty's definition of a "Springing Recourse Event" includes the quoted language. Denied that any Springing Recourse Event occurred.

95.     Denied that the guaranty became absolute and unconditional under the circumstances alleged.

96.     Admitted that the quoted language appears in the guaranty. Denied that the guaranty has been triggered or that the provision is applicable under the circumstances alleged.

97.     Denied.

98.     Admitted.

99.     Denied.

100.    Denied.

101.    Admitted that the Springing Guaranty contains the quoted waiver language. Denied that such waivers are applicable under the circumstances alleged and denied that Hirbod waived all viable defenses.

102.    Denied.

103.    Denied.

**COUNT IV**

**(Breach of Contract – Hirbod's Personal Guaranty)**
**(Against Defendant Sam Hirbod)**

104. Defendants incorporate their responses to Paragraphs 1-103 as if fully set forth herein.

105. Admitted that Hilton and Hirbod executed a document titled "Personal Guaranty." Denied that the agreement has been triggered under the circumstances alleged.

106. Admitted that the consideration for the Personal Guaranty and for Hirbod to perform FMT's obligations under the reimbursement agreement was Hilton's guaranty of the mezzanine loan in favor of JPMorgan and its increase of the principal amount from $25 million to $29.3 million. Defendants deny Plaintiff's characterization of the agreement as "absolute, irrevocable, and unconditional" under the circumstances alleged.

107. To the extent this paragraph constitutes a legal conclusion, no response is required; to the extent a response is required, denied.

108. Admitted that the quoted language appears in the Personal Guaranty. Defendants deny Plaintiff's interpretation of that language and that liability has been triggered in the manner alleged.

109. Admitted that the quoted language appears in the Personal Guaranty but denied that it is applicable under the circumstances alleged.

110. Admitted that the Personal Guaranty contains the quoted language.

111. Denied.

112. Defendants lack sufficient knowledge or information to form a belief as to whether a notice was sent by Hilton to Hirbod on or about June 25, 2024, and therefore deny the same.

113. Denied.

114.    Admitted that Hirbod has not paid Hilton the amount demanded. Defendants deny the remaining allegations including that any such amount is due.

115.    Denied.

116.    Denied.

117.    Admitted that the Personal Guaranty contains the quoted waiver language. Denied that such waivers are applicable under the circumstances alleged and denied that Defendants waived all viable defenses.

118.    Denied.

119.    Denied.

## PRAYER FOR RELIEF

120.    Defendants deny that Plaintiff is entitled to any relief whatsoever, including the relief requested in the Wherefore clause of its Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserve the right to amend their Answer to add further defenses discovered during the course of this action.

### FIRST AFFIRMATIVE DEFENSE

121.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

122.    Plaintiff's claims are barred due to failure to comply with contractual notice and demand provisions.

**THIRD AFFIRMATIVE DEFENSE**

123.    Plaintiff's claims are barred by its own prior material breach of related contractual obligations, including breaches by Plaintiff and/or its affiliates that excused or discharged Defendants' performance.

**FOURTH AFFIRMATIVE DEFENSE**

124.    No Springing Recourse Event, as defined in the applicable agreements, occurred.

**FIFTH AFFIRMATIVE DEFENSE**

125.    Defendants' performance was excused, in whole or in part, by impossibility and/or frustration of purpose caused by events outside Defendants' control.

**SIXTH AFFIRMATIVE DEFENSE**

126.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

127.    Plaintiff's own conduct prevented or impaired performance and Plaintiff cannot benefit from its own actions.

**EIGHTH AFFIRMATIVE DEFENSE**

128.    Plaintiff failed to satisfy the contractual requirements for recovery under the agreements.

**NINTH AFFIRMATIVE DEFENSE**

129.    Plaintiff breached the implied covenant of good faith and fair dealing inherent in the agreements.

**TENTH AFFIRMATIVE DEFENSE**

130.    Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable and/or promissory estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

131.   Plaintiff's claims are barred in whole or in part by waiver and/or acquiescence.

## TWELFTH AFFIRMATIVE DEFENSE

132.   Plaintiff failed to mitigate its alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

133.   Defendants are entitled to setoff and recoupment of any amounts allegedly owed based on Plaintiff's conduct and breaches.

## FOURTEENTH AFFIRMATIVE DEFENSE

134.   Plaintiff's alleged damages were caused by independent third-party actions, including lender decisions and foreclosure proceedings, not by any breach by Defendants.

WHEREFORE, Defendants respectfully request that the Court:

(a) dismiss the Complaint with prejudice;
(b) enter judgment for Defendants;
(c) award Defendants costs and attorneys' fees; and
(d) grant such other relief as the Court deems just and proper.

Dated: February 24, 2026

Respectfully submitted,

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

   */s/ Edward H. Williams II*
Edward H. Williams II (VSB No. 88102)
John B. Williams III (*pro hac vice*)
edward.williams@orrick.com
jwilliams@orrick.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

14

**GERAGOS & GERAGOS, APC**

Mark Geragos (*pro hac vice*)
mark@geragos.com
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 625-3900
Facsimile: (213) 232-3255

Tina Glandian (*pro hac vice*)
tina@geragos.com
256 5th Avenue
New York, NY 10001
Telephone: (213) 625-3900
Facsimile: (213) 232-3255

*Attorneys for Defendants Sam Hirbod,
FMT SJ Holdings LLC, and
Eagle Canyon Holdings, LLC*

## <u>CERTIFICATE OF SERVICE</u>

     **I HEREBY CERTIFY** that on February 24, 2026, I electronically filed the foregoing Defendants' Answer and Affirmative Defenses using the CM/ECF system and served electronically on all registered users.

Dated: February 24, 2026

                            */s/ Edward H. Williams II*
                            Edward H. Williams II (VSB No. 88102)
                            edward.williams@orrick.com
                            2100 Pennsylvania Avenue NW
                            Washington, DC 20037
                            Telephone: (202) 339-8400
                            Facsimile: (202) 339-8500