# Exhibit 6

**Mitchell, Adam**

| | |
|---|---|
| **From:** | Tina Glandian <tina@geragos.com> |
| **Sent:** | Wednesday, May 13, 2026 2:39 PM |
| **To:** | Mitchell, Adam |
| **Cc:** | Bellovin, Daniel; Williams, Jay; Pollard, Ryan; Mark Geragos; Craig Reilly; Tulumello, Drew; Fiebig, Chantale |
| **Subject:** | Re: [Hilton-Hirbod] Discovery M&C |

Hi Adam,

I'm available tomorrow from 1-4pm EST.  Please let me know what time works for you during that window and I'll see if Jay and/or Daniel are available then too.  I agree that a meet and confer will be helpful to discuss the various issues you identified including issues we would like to address regarding discovery, custodians, etc.

As for the date range identified in Defendants' First Set of Requests for Production, we believe the requested date range through the present is relevant and proportional to the claims and defenses asserted in this action and is directly supported by the pleadings.

Although Hilton's purchase of the Mezzanine Loan occurred in June 2024, the operative issues in this case are not limited to that date. Defendants' Answer and Affirmative Defenses place at issue, among other things: (i) whether Hilton's reimbursement rights were properly triggered; (ii) whether conditions precedent were satisfied; (iii) whether Hilton complied with contractual notice and demand provisions; (iv) whether Hilton's own conduct impaired or prevented performance; (v) mitigation of damages; (vi) setoff and recoupment; and (vii) whether alleged damages were caused by third-party conduct, lender decisions, foreclosure proceedings, refinancing failures, or related events.  Discovery through the present is therefore relevant because Hilton's alleged damages, recoveries, offsets, mitigation efforts, and economic interests did not end in June 2024 or December 2024. Defendants are entitled to discovery concerning, among other things:

• any recoveries, credits, reimbursements, foreclosure proceeds, or economic benefits obtained by Hilton after its acquisition of the Mezzanine Loan;

• Hilton's efforts to mitigate alleged damages;

• post-default and post-foreclosure communications concerning valuation, disposition, restructuring, refinancing, or sale of the Mezzanine Loan;

• communications and transactions relating to Hilton's continuing economic interests in the Hotel, the Mezzanine Loan, or related guaranty obligations;

• continuing communications with BrightSpire, JPMorgan, prospective purchasers, refinancing sources, brokers, or other third parties concerning the value, disposition, or anticipated recoveries relating to the Mezzanine Loan; and

1

• facts relevant to Defendants' affirmative defenses, including setoff, recoupment, mitigation, waiver, estoppel, prior material breach, prevention of performance, and damages caused by third-party conduct.

The Complaint itself alleges continuing events extending well beyond June 2024, including foreclosure proceedings, subsequent bankruptcy proceedings, dismissal of those proceedings in January 2025, and related appellate proceedings continuing through late 2025. Accordingly, Defendants' requested date range is appropriately tailored to the issues placed in controversy by both the Complaint and Defendants' asserted defenses.

I look forward to discussing the remaining issues on our call tomorrow.

Thanks,
Tina

TINA GLANDIAN
ATTORNEY AT LAW
*ADMITTED IN NY, CA, NV & FL



GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
256 5TH AVENUE
NEW YORK, NEW YORK 10001
TELEPHONE  (213) 625-3900
FACSIMILE  (213) 232-3255
WWW.GERAGOS.COM
----------------------------------------------

This e-mail, including attachments, contains information that is confidential and may be protected by the attorney/client and other privileges.  If you are not an intended recipient, please delete this e-mail, including any attachments, and notify me by return mail or e-mail.

On Wed, May 13, 2026 at 11:09 AM Mitchell, Adam <Adam.Mitchell@weil.com> wrote:

Hi Tina,

Can you please provide your availability for a meet and confer this afternoon or tomorrow on several discovery, deposition, and mediation issues?

We would like to further discuss the date range identified in Defendants' Frist Set of Requests for Production.  We discussed this on our prior meet and confer on May 5, 2026, and explained Hilton's position that Defendants' proposed date range is overbroad and seeks materials that are not relevant to the claims and defenses in this action.  Defendants stated that they would provide a written justification for Defendants' proposed date range that week; however, Defendants have still not provided that written justification.

We also would like to discuss the data sources being produced and the parties' prior correspondence on Hilton custodians. In addition, we would like to discuss Defendants' document requests and deposition notice to Kevin Jacobs, Hilton's Chief Financial Officer.  Please be prepared on the meet and confer to explain the specific bases for Defendants' request for documents and deposition testimony from Mr. Jacobs.

Finally, we would like to discuss the questions the mediator sent us so we can provide responses, including on the proposed page length for mediation submissions.

Best,

Adam



**Adam W. Mitchell**
Associate

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
adam.mitchell@weil.com
+1 202 682 7212 Direct
+1 202 857 0940 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.