IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

HILTON WORLDWIDE HOLDINGS INC.,    )
                                   )
        Plaintiff,                 )
v.                                 )        No. 1:25-cv-2104-LMB-IDD
                                   )
SAM HIRBOD, FMT SJ HOLDINGS LLC, AND )
EAGLE CANYON HOLDINGS, LLC,         )
                                   )
        Defendants.                )

**DECLARATION OF SAM HIRBOD IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER
REGARDING THE DEPOSITION OF KEVIN JACOBS**

I, Sam Hirbod, declare as follows:

1.      I am the President, Chief Executive Officer, and sole owner of Eagle Canyon Holdings, LLC, which indirectly owns FMT SJ Holdings LLC.  I am familiar with the information set forth in this declaration based on my personal knowledge and information and documents provided to me. The facts and matters testified to herein are true to the best of my knowledge and belief. I am over the age of 18, and if called as a witness, I could, and would, competently testify thereto.

2.      I submit this declaration in support of Defendants' Opposition to Plaintiff's Motion for a Protective Order Regarding the Deposition of Kevin Jacobs.

3.      I indirectly owned and controlled the entities that owned and operated the hotel located at 170 South Market Street, San Jose, California, now known as the Signia by Hilton San Jose (the "Hotel").

4.    During 2024 and 2025, I participated extensively in efforts to refinance and recapitalize the Hotel in order to avoid foreclosure and resolve the outstanding mezzanine financing obligations.

5.    Throughout that period, representatives of Hilton participated in refinancing-related discussions and activities concerning the Hotel and the contemplated refinancing transaction.

6.    Based on communications and conduct by Hilton representatives during the refinancing process, I understood that Hilton was cooperating in efforts to complete a refinancing transaction that would replace, modify, extend, refinance, or otherwise resolve the existing mezzanine financing.

7.    During the months leading up to the scheduled May 2025 refinancing closing, I understood that substantial progress had been made toward consummating the refinancing transaction, including arrangements for replacement senior financing and subordinate financing.

8.    By May 2025, I understood that foreclosure of the Hotel was imminent and scheduled for May 12, 2025, and that the refinancing transaction needed to close before that date in order to avoid foreclosure.

9.    In the days immediately preceding the scheduled May 9, 2025 refinancing closing, there were numerous communications and calls among the parties and their representatives concerning the status of the refinancing and execution of the remaining required documents. During that period, I was informed by Hilton representatives that certain required Hilton-related refinancing documents had not yet been executed and delivered.

10.    I was further informed by Hilton representatives, and understood from communications relayed through counsel, including communications from Hilton's attorneys to

2

my attorneys, that the required documents had not yet been executed because Hilton Chief Financial Officer Kevin Jacobs, whom Hilton representatives identified as the necessary authorized signatory for the documents, was unavailable or out of the country. Based on those communications, I understood that execution and delivery of the Hilton-controlled documents depended upon Mr. Jacobs's availability and approval.

11.    Based on those representations and the surrounding circumstances, I understood that execution and delivery of the Hilton-controlled documents depended upon Mr. Jacobs's availability and approval.

12.    I further understood that timely execution and delivery of those documents was necessary for the refinancing transaction to close before the scheduled foreclosure sale.

13.    The refinancing transaction did not close on May 9, 2025, and the Hotel was subsequently foreclosed upon on May 12, 2025.

14.    I understand that Hilton now seeks to prevent Defendants from obtaining discovery concerning Mr. Jacobs's availability, authority, execution capability, involvement in approvals, and the circumstances surrounding Hilton's failure to timely execute and deliver the required refinancing documents before foreclosure.

15.    In my understanding, those issues are directly relevant to Defendants' asserted defenses and factual contentions, including issues relating to the refinancing process, the failure of the refinancing transaction to close, the resulting foreclosure, causation, and the losses Hilton now seeks to recover in this action.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 27th day of May, 2026, at Miami, Florida.

_____
SAM HIRBOD

3