**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA – ALEXANDRIA DIVISION**

| | |
|---|---|
| HILTON WORLDWIDE HOLDINGS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAM HIRBOD, FMT SJ HOLDINGS LLC, AND EAGLE CANYON HOLDINGS, LLC <br><br> Defendants. | Case No. 1:25-cv-02104 |

**DECLARATION OF JOHN SHULTS IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

I, John Shults, declare as follows:

1.    I am Vice President and Senior Counsel for Development at Hilton Domestic Operating Company Inc., a wholly-owned operating subsidiary of Hilton Worldwide Holdings Inc. ("Hilton"). I make this Declaration in support of Hilton's Motion for Summary Judgment against Defendants Sam Hirbod ("Hirbod"), FMT SJ Holdings LLC ("FMT"), and Eagle Canyon Holdings, LLC ("ECH," and together with Hirbod and FMT, "Defendants").

2.    I lead the legal team that supports Hilton's development in the Americas. In this role, I draft, review, and negotiate management, franchise, and other contracts. I also provide legal oversight of contractual relationships between Hilton and third-party hotel owners. I have served in this role since 2020 and have served in other roles at Hilton since 2009.

3.    I am familiar with the facts and circumstances relating to this action, as set forth below. I make this declaration based on my personal knowledge or my review of the documents referenced herein. If called upon, I would and could testify competently to the declarations herein.

<u>DECLARATIONS RELATING TO EXHIBITS</u>

4.      The agreements from which this action and Defendants' liability arises are attached hereto as **Exhibits 1 through 4** (collectively, the "Agreements").

a.      On November 8, 2021, FMT executed a Reimbursement Agreement in favor of Hilton.  A true and correct copy of this executed Reimbursement Agreement is attached hereto as **Exhibit 1**.

b.      On November 8, 2021, ECH executed a guaranty of the Reimbursement Agreement in favor of Hilton.  A true and correct copy of this executed ECH Guaranty is attached hereto as **Exhibit 2**.

c.      On November 8, 2021, Hirbod executed a springing guaranty of the Reimbursement Agreement in favor of Hilton.  A true and correct copy of this executed Hirbod Springing Guaranty is attached hereto as **Exhibit 3**.

d.      On July 9, 2023, Hirbod executed a personal guaranty of the additional $4,300,000.00 that JPMorgan extended to increase the Mezzanine Loan principal from $25,000,000.00 to $29,300,000.00.  A true and correct copy of this executed Hirbod Personal Guaranty is attached hereto as **Exhibit 4**.

5.      On November 8, 2021, JPMorgan extended a $25,000,000.00 Mezzanine Loan to an affiliate of Defendant Hirbod, RDNWD LLC.  A true and correct copy of this executed Mezzanine Loan Agreement is attached hereto as **Exhibit 5**.

6.      On November 8, 2021, Hilton executed a guaranty of the Mezzanine Loan Agreement in favor of JPMorgan.  A true and correct copy of this executed Guaranty of Payment and Performance is attached hereto as **Exhibit 6**.

7.      The most relevant remaining agreements relating to JPMorgan's July 9, 2023 extension of an additional $4,300,000.00 to increase the Mezzanine Loan principal from $25,000,000.00 to $29,300,000.00 are attached hereto as **Exhibits 7 through 10**.

a.      On July 9, 2023, JPMorgan extended an additional $4,300,000.00 to increase the Mezzanine Loan principal from $25,000,000.00 to $29,300,000.00.  A true and correct copy of this executed July 9, 2023 Amended & Restated Mezzanine Promissory Note is attached hereto as **Exhibit 7**.

b.      On July 9, 2023, FMT executed a reaffirmation of the Reimbursement Agreement.  A true and correct copy of this executed July 9, 2023 FMT Reaffirmation of the Reimbursement Agreement is attached hereto as **Exhibit 8**.

c.      On July 9, 2023, ECH executed a reaffirmation of the ECH Guaranty of the Reimbursement Agreement.  A true and correct copy of this executed July 9, 2023 Reaffirmation of the ECH Guaranty is attached hereto as **Exhibit 9**.

d.      On July 9, 2023, Hirbod executed a reaffirmation of the Hirbod Springing Guaranty of the Reimbursement Agreement.  A true and correct copy of this executed July 9, 2023 Reaffirmation of the Hirbod Springing Guaranty is attached hereto as **Exhibit 10**.

8.      The most relevant agreements relating to the November 16, 2023 sale of the Hotel's south tower by Hirbod's affiliate SC SJ Holdings LLC are attached hereto as **Exhibits 11 through 14**.

a.      On November 16, 2023, FMT executed a reaffirmation of the Reimbursement Agreement.  A true and correct copy of this executed November 16, 2023 FMT Reaffirmation of the Reimbursement Agreement is attached hereto as **Exhibit 11**.

3

b.      On November 16, 2023, ECH executed a reaffirmation of the ECH Guaranty.  A true and correct copy of this executed November 16, 2023 Reaffirmation of the ECH Guaranty is attached hereto as **Exhibit 12**.

c.      On November 16, 2023, Hirbod executed a reaffirmation of the Hirbod Springing Guaranty.  A true and correct copy of this executed November 16, 2023 Reaffirmation of the Hirbod Springing Guaranty is attached hereto as **Exhibit 13**.

d.      On November 16, 2023, Hirbod executed a reaffirmation of the Hirbod Personal Guaranty.  A true and correct copy of this executed November 16, 2023 Reaffirmation of the Hirbod Personal Guaranty is attached hereto as **Exhibit 14**.

9.      The most relevant agreements relating to Hilton's June 21, 2024 purchase of the Mezzanine Loan from JPMorgan are attached hereto as **Exhibits 15 through 17**.

a.      Upon RDNWD's default on the Mezzanine Loan, Hilton's guaranty obligation to JPMorgan was triggered automatically by the Mezzanine Loan default pursuant to Hilton's Guaranty of the Mezzanine Loan Agreement.

b.      Accordingly, on June 21, 2024, Hilton discharged its contractual obligation by purchasing the Mezzanine Loan from JPMorgan for $29,859,178.81, and JPMorgan assigned the Mezzanine Loan to Hilton.  A true and correct copy of this executed June 21, 2024 Hilton Mezzanine Loan Purchase and Assignment is attached hereto as **Exhibit 15**.

c.      A true and correct copy of the executed Allonge to the June 21, 2024 Hilton Mezzanine Loan Purchase and Assignment is attached hereto as **Exhibit 16**.

d.      On June 21, 2024, JPMorgan acknowledged and notified relevant parties of the Hilton Mezzanine Loan Purchase and Assignment.  A true and correct copy of this June 21,

4

2024 JPMorgan Acknowledgement and Notice of the Hilton Mezzanine Loan Purchase and Assignment is attached hereto as **Exhibit 17**.

10.    On June 25, 2024, Hilton sent notice to FMT, ECH, and Hirbod, demanding payment pursuant to certain of the Agreements.  These notices are attached hereto as **Exhibits 18 through 20** (collectively, the "Demand Notices").

a.    On June 25, 2024, Hilton sent a notice to FMT demanding payment of $29,859,178.81 pursuant to the Reimbursement Agreement.  A true and correct copy of this signed Demand Notice to FMT Under the Reimbursement Agreement is attached hereto as **Exhibit 18**.

b.    On June 25, 2024, Hilton sent a notice to ECH demanding payment of $29,859,178.81 pursuant to the ECH Guaranty.  A true and correct copy of this signed Demand Notice to ECH Under ECH's Guaranty is attached hereto as **Exhibit 19**.

c.    On June 25, 2024, Hilton sent a notice to Hirbod demanding payment of $4,365,232.31 pursuant to the Hirbod Personal Guaranty.  A true and correct copy of this signed Demand Notice to Hirbod Under His Personal Guaranty is attached hereto as **Exhibit 20**.

11.    On July 11, 2024, Hilton sent notice to FMT, ECH, and Hirbod, notifying each of their default under the applicable Agreement.  These notices are attached hereto as **Exhibits 21 through 23** (collectively, the "Default Notices").

a.    On July 11, 2024, Hilton sent a notice to FMT notifying FMT of its default under the Reimbursement Agreement.  A true and correct copy of this signed Default Notice to FMT Under the Reimbursement Agreement is attached hereto as **Exhibit 21**.

b.    On July 11, 2024, Hilton sent a notice to ECH notifying ECH of its default under the ECH Guaranty.  A true and correct copy of this signed Default Notice to ECH Under ECH's Guaranty is attached hereto as **Exhibit 22**.

5

c.    On July 11, 2024, Hilton sent a notice to Hirbod notifying Hirbod of his default under the Hirbod Personal Guaranty.  A true and correct copy of this signed Default Notice to Hirbod pursuant to the Hirbod Personal Guaranty is attached hereto as **Exhibit 23**.

12.    Attached hereto as **Exhibits 24 and 25** are documents that provide context for the underlying facts and circumstances relating to this action.

a.    On November 8, 2021, Hilton through its affiliate Signia Hotel Management LLC became manager of the Hotel located at 170 South Market Street in San Jose, California, which prior to that date had operated as the Fairmont San Jose.  A true and correct copy of this executed Branding and Management Agreement between then-owner of the Hotel NEX SJ LLC, an affiliate of Defendant Hirbod, and Signia Hotel Management LLC is attached hereto as **Exhibit 24**.

b.    Pursuant to the ECH Guaranty, Hirbod provided to Hilton, among other documents, an Organizational Chart of Defendants and their affiliates.  A true and correct copy of the Organizational Chart as received by Hilton from Hirbod is attached hereto as **Exhibit 25**.

13.    Attached hereto as **Exhibit 26** is a Pre-Negotiation Agreement executed by Defendants, RDNWD LLC, and Hilton on June 18, 2024.

14.    Attached hereto as **Exhibit 27** is a Notice of Default on the Mezzanine Loan sent by JPMorgan to Hirbod, ECH, and RDNWD LLC on June 18, 2024.

DECLARATIONS RELATING TO DEFENDANTS' NONPAYMENT

15.    As of the date of execution of this declaration, no Defendant has responded to Hilton's June 25, 2024 Demand Notices sent to Defendants.

16.    As of the date of execution of this declaration, no Defendant has responded to Hilton's July 11, 2024 Default Notices sent to Defendants.

6

17.     As of the date of execution of this declaration, no Defendant has paid Hilton any portion of the payment due to Hilton under the Agreements.

18.     Hilton did not receive any payment or proceeds from the foreclosure sale on the Hotel, nor has Hilton to date received any payment from any Defendant pursuant to the Agreements or the Mezzanine Loan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of June, 2026, in McLean, Virginia.

John Shults

7